COPPER LIQUOR, INC., and Harold Letcher (Robert Earl Basham, Jr., H. A. Anthony and Willis Ray Loving, as the personal representative of Appellee, Harold Letcher, substituted in the place and stead of Appellee, Harold Letcher, Deceased), Plaintiffs-Appellees,

v.

ADOLPH COORS COMPANY, Defendant-Appellant.

No. 73–3913.

United States Court of Appeals, Fifth Circuit.

March 17, 1975.

Leo N. Bradley, Golden, Colo., William B. Browder, Jr., Midland, Tex., for defendant-appellant.

Vann Culp, Midland, Tex., James R. Warncke, San Antonio, Tex., for plaintiffs-appellees.

ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

Before TUTTLE, WISDOM and GEE, Circuit Judges.

PER CURIAM:

The plaintiffs'-appellees' petition for rehearing challenges our conclusion in Copper Liquor, Inc. v. Adolph Coors Co., 5 Cir. 1975, 506 F.2d 934, that the proof

on the questions of injury in fact and the amount of damages was insufficient to support the verdict. Moreover, they assert that this Court's opinion changes the law on the standard of proof of injury and damages in private anti-trust actions, and imposes a much more onerous burden on plaintiffs than has heretofore been the case. We have examined all the points raised in the petition, and we find them without merit.

█ The Court has read the entire trial transcript. We were aware that Mr. Williams testified that some cases of Coors might have been sold at a profit: "I believe it was $5.20, I believe. . . I'm not sure, it has been so long." But this impressionistic recollection is not inconsistent with Coors' assertion in its brief, uncontradicted in appellees' brief, that Letcher lost money overall on all Coors sold because of his practice of using it as a "loss leader." Although there is some evidence in the record regarding how many times Letcher *advertised* the beer as a "weekend special," that is different from evidence regarding how much was actually sold at a profit and how much at a loss and the actual amounts of the profits and losses. We therefore adhere to our understanding of the evidence on the question whether Letcher sold Coors at an overall profit or loss.

█ The uncertainty surrounding virtually every aspect of the earlier attempt to prove injury and damages led us to remand for further proceedings. Moreover, as we understand it, the theory of the plaintiffs' damage expert relied upon by the jury, *see* 506 F.2d at 952 n. 11 and accompanying text, was largely premised on the effect *on overall sales of all products of no longer having Coors as a "loss leader"*. The primary difficulty we alluded to in this computation (although there were many others) was that it was wholly based upon a decline in bank deposits of about $7,000 between the months of June and July, 1966. We said: "[The expert's] assumption that these deposits accurately reflected gross sales of all products for the periods in question is unsupported." 506 F.2d at 954. Even if they accurately represented a decline in gross sales, we noted, there was no showing that this decline was attributable to the loss of the Coors account. In other words, regardless of whether Letcher sold Coors at an overall profit or loss, the root assumption of the damage calculation did not demonstrate the necessary causal relationship between the loss of Coors and the purported decline in gross sales. Demonstration of such a causal relationship is vital to a showing of actual injury. We do not retreat from this view.

Much of the balance of the plaintiffs' argument in the petition for rehearing deals with alternative methods of computing damages that were apparently not relied upon by the jury, and we therefore need not consider them at this point. They may properly be developed on remand.

█ The appellees' charge that we have attempted to change the standard of proof of injury and damages in private antitrust suits is lacking in merit. Our duty was to determine, on the basis of a factual context at once constricted and complex, whether the record was barren of "substantial probative facts" on the fact of injury and the amount of damages. See Hobart Bros. Co. v. Malcolm T. Gilliland, Inc., 5 Cir. 1973, 471 F.2d 894, 902. Just and reasonable estimates based upon relevant data are, of course, still appropriate—once the plaintiffs demonstrate actual injury. But the mere proof of an anti-trust violation, without more, cannot support an award of damages. We held only that in this case the highly speculative nature of the plaintiffs' proof was insufficient to support a finding of injury and award of damages, and we adhere to that view.

The petition for rehearing is therefore denied, and no member of this panel nor judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35, Federal Rules of Appellate Procedure, Local Fifth Circuit Rule 12) the petition for rehearing en banc is denied.